People of the State of Illinois, Plaintiff-Appellee, v. Uwe K. Jansen, Defendant-Appellant.

Gen. No. 54,859.

First District, Third Division.

October 1, 1970.

Herman M. Garvin, of Chicago, for defendant-appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Robert A. Novelle and Anthony Montemurro, Assistant State's Attorneys, of counsel), for plaintiff-appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Defendant, Uwe K. Jansen, was charged with driving a vehicle while under the influence of intoxicating liquor, and also with following a vehicle too closely. After a bench trial, he was found not guilty of following a vehicle too closely, but was found guilty of driving under the influence of intoxicating liquor. He was fined $200 and costs, and his driver's license was revoked. He appeals, contending that he was not proved guilty beyond a reasonable doubt.

Prior to the taking of testimony, the assistant State's Attorney asked defendant if he would stipulate to the breatholyzer reading; and counsel for defendant replied "as to the score."

The arresting police officer testified that at about 4:30 p. m. on October 22, 1969, he was called to investigate an accident. When the officer arrived, defendant and the driver of the other vehicle were present. Defendant talked in a loud voice, and the officer noticed the odor of alcohol on his breath. He swayed when he walked and turned, and his clothes were soiled. However his eyes were normal.

At the police station, defendant took certain tests. He swayed when he walked and turned; he completely missed the finger-to-nose test with his left hand, and was hesitant with his right hand. He picked up coins slowly. Defendant told the officer that he drank three bottles of beer. In the police officer's opinion, defendant was under the influence of intoxicating liquor. Defendant took the breatholyzer test, and the reading was .160.

On cross-examination, the officer testified that he parked defendant's car and returned the auto keys to him after placing him under arrest. Defendant was gentlemanly and cooperative, and had no difficulty in getting in the squad car.

Defendant testified that he had finished work at 3:00 p. m. on the day in question. After work, he and two

fellow employees went to a tavern and each had three 12-ounce bottles of beer over a period of one hour. He left the tavern and was proceeding home. As he drove, the car in front stopped suddenly, and his car came in slight contact with it. He and the other driver drove to an auto parts store to get an estimate of the damage to the other car, which defendant promised to pay. Defendant then called the police. When the officer arrived, he was arrested.

At the police station, he was told to hold his arms straight out, his head up and to walk. He was nervous, and may have swayed while so walking. Defendant also testified that he had no difficulty in touching his finger to his nose, or in picking up the various coins. Defendant had part of his lung removed and a bronchial condition; as a result he was short-winded. Defendant further testified that the beer which he drank prior to the accident did not affect him in any way; he normally drank several bottles a day.

Frank Janosek testified in behalf of defendant that he was a fellow employee and had known defendant for five years. On the day in question, he, defendant and another employee each had three bottles of beer at a tavern near work. When defendant left for home, he spoke normally and coherently. His eyes were not bloodshot nor was his face flushed. He had no difficulty in walking, and, in the opinion of the witness, was sober.

On appeal, defendant contends that he was not proved guilty beyond a reasonable doubt. Under this heading, he argues that the failure of the State to lay a foundation for the results of the breatholyzer test negated any presumption of guilt which may have arisen from that test; that the State's evidence was weak; and that the uncontradicted and unimpeached testmony offered by the defense could not be disregarded.

The Uniform Act Regulating Traffic on Highways, Ill Rev Stats 1967, c 95½, § 144, provides that the results of chemical analysis of breath, urine, saliva or other bodily substance are admissible, and if such analysis indicates that there is more than .10 percent by weight of alcohol in the person's blood, a presumption that the person was under the influence of alcohol arises. The section

also provides that, to be considered valid, the tests must be performed according to uniform standards and by persons authorized by the State Department of Public Health.

■ We find no merit in defendant's argument that his agreement as to the introduction of the results of the breatholyzer test did not constitute a proper stipulation, thus waiving the need of any foundation evidence by the prosecution as to the testing. When defendant stipulated that the reading of .160 might be introduced into evidence, he conceded that the reading in fact was correct, and that the test had been given in a proper manner. This is also made evident by what occurred at trial. The results of the test were introduced without objection, and in closing argument, the primary contention of defendant's counsel was that the testimony introduced by the defense had successfully rebutted the statutory presumption created by the test. Defendant registered a reading of .160, approximately 60% over the minimum set forth in the statute, and the trial court properly considered that result in coming to the conclusion that defendant was guilty of the charge.

■ ■ Defendant has pointed out that certain testimony offered by the defense was unimpeached and uncontradicted, and correctly states that such testimony could not be disregarded by the trier of fact. People v. Skelly, 409 Ill 613, 100 NE2d 915 (1951). However the testimony of the police officer as to his observations and as to the results of the tests performed by defendant, coupled with the presumption allowed to be drawn from the results of the breatholyzer test, was clearly sufficient to establish defendant's guilt beyond a reasonable doubt. The testimony of the police officer was clear, positive and credible, and defendant has not called our attention to any inconsistencies or discrepancies in that testimony.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.